UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF DAUZ,<br><br>                    Plaintiff,<br><br>v.<br><br>AIT WORLDWIDE LOGISTICS, INC., etc., et al.,<br><br>                    Defendants. | Case No.: 17CV441-W (JMA)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE [ECF No. 17]** |

      Presently before the Court is a Joint Motion for Determination of Discovery Dispute in which Plaintiff Jeff Dauz ("Plaintiff") seeks an order compelling Defendant AIT Worldwide Logistics, Inc. ("Defendant") to respond to requests for production of documents. (ECF No. 17.) For the reasons set forth below, Plaintiff's request is **DENIED**.

**I.    BACKGROUND**

      Plaintiff previously worked for Defendant as an Account Executive. Compl., ¶ 9. Defendant terminated Plaintiff's employment on April 6, 2016. Id., ¶ 17. Plaintiff asserts claims for breach of contract; breach of the covenant of good faith and fair dealing; promissory estoppel; recovery of unpaid vacation time, wages, interest, attorney's fees, and costs; failure to pay commissions owed;

failure to pay wages at termination; failure to provide a written contract setting forth the method by which his commissions were computed and earned; conversion; and unfair business practices. Id., at 6-14. At issue in the present dispute are Plaintiff's Requests for Production Nos. 9 and 12 propounded upon Defendant:

> Request for Production No. 9: A spread sheet or spread sheets for each account handled by PLAINTIFF while employed by YOU and following those accounts in the four years preceding PLAINTIFF's termination by YOU to the present date, breaking down each account by Total Revenue, Total Profit, Total Number of Shipments, Profit Percentage, and Profit Bill.
>
> Request for Production No. 12: DOCUMENTS sufficient to demonstrate how YOU calculated the amounts of all payments, whether in the form of salary, commissions, bonus, or compensation for accrued but unused compensable time, paid by YOU to PLAINTIFF in the last four years from the present date.

Joint Motion, ECF No. 17 at 3 & Ex. B at 5-6. Defendant objected to both requests. Defendant argues Plaintiff's Complaint limits his unpaid commissions claim to those allegedly earned in relation to the CareFusion account, Plaintiff testified in his deposition that he was paid for all commissions earned during his employment, and the discovery sought is unduly burdensome because not all of the data is easily retrievable and data prior to October 2014 has been archived.

## II. DISCUSSION

The pleadings define the scope of discovery. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Rule 8 provides the general rules of pleading, and states that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534

U.S. 506, 512 (2002) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, but a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not meet the requirements of Rule 8 "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79 (citation omitted).

In the factual allegations of his Complaint, Plaintiff recounts with specificity his efforts in renewing the CareFusion contract. Compl., ¶¶ 15-19. He alleges, *inter alia*, "On information and belief, AIT has earned substantial commissionable revenue from the renewal of Plaintiff's [CareFusion] account. To date, AIT has refused to pay Plaintiff any commissions on that account." Id., ¶ 19. The Complaint contains no factual allegations regarding any other accounts for which Plaintiff alleges he was not paid his full commissions. Even so, Plaintiff contends he is entitled to conduct an audit of each of the accounts for which he was the "procuring cause of the business" for Defendant in order to prove the "fact and amount" of unpaid commissions owed to him. Joint Motion, ECF No. 17 at 2, 5; Compl., ¶ 35. Defendant counters that Plaintiff's Complaint makes apparent his commissions claim is limited to CareFusion account commissions following his departure. Joint Motion, ECF No. 17 at 11.

The Court agrees with Defendant. The factual allegations in the Complaint pertain only to post-termination commissions relating to the CareFusion account. There are no factual allegations in the Complaint supporting an assertion that Defendant owes Plaintiff pre-termination commissions for any other account. Rather, the Complaint contains only bare and conclusory assertions that Defendant did not pay Plaintiff all commissions owed. See, e.g., Compl., ¶ 17, 30, 35. The allegations in the Complaint provide Defendant fair notice of only

unpaid commissions relating to the CareFusion account. They do not provide any grounds to place Defendant on notice of other accounts for which commissions were allegedly unpaid.

It is evident Plaintiff seeks to undertake a fishing expedition by conducting an audit of all accounts he handled in order to search for unpaid commissions. See Joint Motion, ECF No. 17 at 2-3, 5; Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 ("District courts need not condone the use of discovery to engage in 'fishing expeditions'") (citation omitted); see also Grosz v. Lassen Community College Dist., 2007 WL 2384444, at *1 ("Conclusory allegations in a complaint . . . are a danger sign that the plaintiff is engaged in a fishing expedition."). He has not provided any authority that he is entitled to conduct such discovery, and again, has articulated no basis for his assertion that he is owed other commissions. Based on the present record, which contains only vague allegations in the Complaint of commissions owed for accounts other than the CareFusion account, with no factual or legal basis provided to allow the expansive discovery sought -- financial data of each account handled by Plaintiff in the four years preceding Plaintiff's termination -- in conjunction with a representation that Defendant would need to search its archives to respond to the requests, the Court cannot find the discovery sought is proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiff's request for an order compelling Defendant to respond to Request Nos. 9 and 12 is **DENIED**.[1]

**IT IS SO ORDERED**.

Dated: November 1, 2017

Honorable Jan M. Adler
United States Magistrate Judge

---

[1] Because Plaintiff has not established the discovery sought is relevant to a claim asserted in the Complaint and proportional to the needs of the case, the Court need not analyze Defendant's arguments relating to Plaintiff's deposition testimony.