UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF DAUZ,<br><br>                                        Plaintiffs,<br>v.<br><br>AIT WORLDWIDE LOGISTICS, INC.,<br>                                        Defendant. | Case No.: 17-CV-0441 W (JMA)<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO DISMISS THIS CASE WITHOUT PREJUDICE [DOC. 20]** |

Plaintiff Jeff Dauz has filed a motion for leave to voluntarily dismiss the complaint without prejudice. Defendant AIT Worldwide Logistics, Inc., opposes the motion.

The Court decides the matter on the papers submitted, and without oral argument. See CivLR 7.1d1. For the reasons that follow, the Court **GRANTS** the motion [Doc. 20].

**I.　BACKGROUND**

    **A.　Plaintiff's Employment and Termination.**

Plaintiff Jeff Dauz is suing his former employer, AIT Worldwide Logistics, Inc. ("AIT"), for breach of contract and other causes of action, stemming from his termination

from the company after 15 1/2 years working as an account executive. (*Compl.* ¶ 9.[1])
Dauz sold AIT's services to clients, and during his time at the company, Dauz contends
he developed a substantial book of business. (*Id.* ¶¶ 14–15; *P&A* [Doc. 20-1] 1:21–24.)

      Dauz's compensation included commissions based on the profits from his book of
business. (*Compl.* ¶ 10.) For most of Dauz's time at AIT, sales personnel were able to
track how their accounts were performing by logging on to the freight-tracking system.
(*P&A* 2:17–21.) Approximately three years before he was fired, AIT switched to a
different system, which did not allow commissioned sales representatives to personally
monitor their accounts. (*Id.* 2:21–24.) As a result, they had to assume AIT was paying
them for all earned commissions. (*Id.* 2:25–26.)

      Approximately six months before Dauz was terminated, one of his largest clients,
CareFusion, merged with another company, Beckton-Dickinson. (*Compl.* ¶¶ 15–19.)
Accordingly, when CareFusion's contract with AIT was up for renewal, Dauz began
negotiating with Beckton-Dickinson over a new agreement. (*P&A* 3:1–11.) As part of
the negotiations, Dauz travelled to New Jersey to give a presentation that he alleges he
created. (*Compl.* ¶ 16.) Shortly thereafter, Dauz was terminated and
CareFusion/Beckton-Dickinson signed the agreement with AIT. (*Id.* ¶ 18.)

### B. <u>The Litigation.</u>

On August 4, 2017, Dauz commenced this lawsuit against AIT in the San Diego
Superior Court. (*See Compl.*) The Complaint alleges breach of contract, among other
causes of action, based on AIT's failure to pay "Plaintiff for all of the accrued but unused
vacation time, personal days and sick time," and "commissions owed to Plaintiff." (*Id.*
¶¶ 20–27.)

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit B [Doc. 1-2].

2

On March 3, 2017, AIT removed the case to this Court based on diversity jurisdiction. (*Notice of Removal* ¶7.) On May 31, 2017, the parties attended the case management conference, and the magistrate judge issued the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (the "Scheduling Order" [Doc. 9]). The Scheduling Order required any motion to amend the pleadings filed by July 31, 2017, and all fact discovery completed by December 15, 2017. (*5/31/17 Minute Order* [Doc. 8]; *Scheduling Order* ¶¶ 1, 4.)

On July 21, 2017, Dauz served AIT with requests for production of documents. (*Hayes Decl.* [Doc. 20-2] ¶ 4.) AIT responded on August 25, after receiving an extension of time from Plaintiff, and at some point produced 982 pages of documents. (*P&A* 5:1–3; *Reply* [Doc. 23] 3:23–25.) However, AIT also objected to two requests for documents relating to pre-termination commissions, on the basis the Complaint only sought post-termination commissions. (*Hayes Decl.* ¶ 5.) The parties met and conferred in writing regarding the dispute throughout September, and then met and conferred in person on October 4. (*Id.*; *P&A* 5:3–5.) On October 16, the parties filed a Joint Motion for Determination of Discovery Dispute. (*Jt. Mt.* [Doc. 17].) On November 1, 2017, the magistrate judge issued an order denying Dauz's request to compel production of the documents, finding that the "factual allegations in the Complaint pertain only to post-termination commissions relating to the CareFusion account." (*Discovery Order* [Doc. 18] 3:22–23.)

Because the deadline for amending the pleadings had passed, Dauz's attorney, Christopher Hayes, telephoned AIT's attorney, David Dow, to ask if AIT would stipulate to allow Dauz to file an amended complaint adding allegations for the pre-termination commissions. (*Hayes Decl.* ¶ 6.) During the conversation, Hayes pointed out that the statute of limitations had not run on any of Dauz's claims, so he could file a new lawsuit seeking the pre-termination fees. (*Id.*)

On November 13, 2017, Dow sent Hayes an email stating that AIT "is not willing to agree to allow Plaintiff to amend his Complaint to add a new claim… [nor] is my

3

client willing to stipulate to Plaintiff dismissing his current Complaint without prejudice in order to refile the lawsuit with a new claim...." (*Hayes Decl.* Ex. C.) On November 27, Dauz filed the current motion seeking leave to voluntarily dismiss this lawsuit in order to file a new lawsuit seeking both pre and post-termination commissions.

## II. ANALYSIS

Where the defendant has served an answer or summary-judgment motion, Federal Rule of Civil Procedure 41(a)(2) requires plaintiff to obtain court approval to dismiss a complaint without prejudice. Because AIT filed an answer by the time Dauz sought to dismiss this case, he must obtain court approval in order to dismiss without prejudice.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "'Legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" Id., at 976 (citation omitted). It focuses on the impact the dismissal will have on the rights and defenses available to a defendant in future litigation, such as whether the defendant would lose the federal forum, a statute-of-limitations argument or the right to a jury trial. Westlands Water Dist. V. United States, 100 F.3d 94, 97 (9th Cir. 1996).

Here, AIT essentially raises two baseless arguments in opposing Dauz's motion. First, it contends that Dauz's true motive for seeking to voluntarily dismiss the case stems from his failure to "diligently prosecute his claims...." (*Opp'n* [Doc. 22] 5:21–6:2.) Second, AIT contends it will suffer prejudice if Dauz is allowed to dismiss without prejudice. (*Id.* 7:21–9:10.) The Court will address the two arguments separately.

### A. Dauz's motives in filing the motion.

AIT's argument that Duaz is seeking to dismiss the lawsuit because he has failed to adequately and diligently conduct discovery is unpersuasive for at least two reasons.

4

First, Dauz's contention that he is attempting to litigate claims for his pre and post-termination commissions in one lawsuit is fully supported by the record. Although the order rejecting Dauz's document requests found the Complaint's factual allegations only encompassed post-termination commissions, allegations in the Complaint are consistent with Dauz's belief that he was also seeking pre-termination commissions.[2] This fact is further confirmed by Dauz's document requests, and his efforts to compel AIT to produce the documents. Moreover, the week after Dauz's request to compel was denied, Dauz's attorney Hayes requested that AIT stipulate to an amended complaint that would have allowed Dauz to assert a claim for pre-termination commissions. It was only after AIT refused to stipulate that Dauz filed the current motion. In short, Dauz's conduct since July 21, 2017—when he propounded the document requests—is consistent with his desire to pursue pre and post-termination claims in the same lawsuit.

Second, the record contradicts AIT's assertion that Dauz seeks to dismiss because he failed to adequately and diligently conduct discovery. The Scheduling Order regulating discovery was filed on May 31, 2017, essentially opening the discovery window. By July 21, 2017, Dauz prepared and served AIT with requests for documents, which led to the production of 982 pages of documents. (*See Hayes Decl.* Ex. B; *Reply* 3:24–25.) Dauz also sought more documents when he served a subpoena *duces tecum* on BD Diagnostics, and three subpoenas on CareFusion/Beckton-Dickinson. (*Hayes' Reply Decl.* [Doc. 23-1] ¶ 3, Ex. A.)

The record also indicates that Dauz was diligent in pursuing his pre-termination document requests from AIT. In September and October 2017, Dauz and AIT were

---

[2] For example, the Complaint alleges that on "April 6, 2016, AIT terminated Plaintiff's employment" and "refused to pay Plaintiff for all commissions owed to him." (*Compl.* ¶ 17.) Because the CareFusion/Beckton-Dickinson agreement had not been renewed when Dauz was terminated, this allegation must relate to pre-termination commissions. The Complaint also alleges that AIT failed to "pay Plaintiff all commissions owed on *accounts* for which Plaintiff was the procuring cause of the business to AIT." (*Id.* ¶ 35, emphasis added.) The reference to "accounts" suggests Dauz intended to seek damages for commissions from more than just one account.

engaged in meet and confer efforts regarding the discovery dispute. Unresolved, the parties drafted and on October 16 filed the joint motion for determination of the discovery dispute (the "Joint Motion" [Doc. 17]), which was resolved on November 1, 2017. (*See Discovery Order* [Doc. 18].)[3] When Dauz approached AIT the following week about amending the Complaint or dismissing the case, more than a month remained before the discovery deadline. (*Scheduling Order* ¶ 4.)

AIT nevertheless insists that Dauz's discovery efforts were inadequate because he did not pursue documents related to post-termination commissions, "did not notice or take any depositions" and "did not designate an expert witness." (*Opp'n* 1:20–2:2.) The first contention is contradicted by Dauz's third-party subpoenas, all of which sought "invoices, bills, payables or requests for payment received by you from or on behalf of AIT… and records of all amounts paid and all payments made by you or on your behalf to AIT… for services rendered at any time form January 4, 2013 to the present." (*Hayes Reply Decl.* Ex. A at pp. 1, 3, 5, 7.) These subpoenas appear to relate to post-termination commissions generated from the CareFusion/Beckton-Dickinson agreement. With respect to Dauz's failure to notice depositions, Hayes explained that he did not do so because he first wanted to resolve the discovery dispute and "the scope of the pleadings." (*Hayes Reply Decl.* [Doc. 23-1] ¶ 4.) Hayes also explained that in their view, experts are unnecessary because Dauz's methodology for proving damages is simple, and he points out that AIT also did not designate an expert. (*Reply* 4:3–9.) These explanations are reasonable and contradict any suggestion that Dauz was dilatory in pursuing discovery. In short, AIT has failed to provide any persuasive evidence indicating that Dauz is seeking to voluntarily dismiss the case without prejudice because he failed to diligently prosecute this case.[4]

---

[4] While AIT repeatedly characterizes Dauz's discovery efforts as inadequate and lacking in diligence, AIT's purportedly "comprehensive" discovery efforts (*see Opp'n* 9:28) consisted of "propounding requests for production and two sets of interrogatories, taking Plaintiff's deposition, and successfully

### B. Prejudice to AIT.

AIT next argues that it will suffer prejudice if Plaintiff is permitted to dismiss the lawsuit because AIT will lose "a number of legal arguments that it can presently make against [Dauz's] claims." (*Opp'n* 8:12–13.) According to AIT, it will "be deprived of the res judicata impact of a ruling on the merits…." (*Id.* 9:6–8.) Aside from these conclusory assertions, AIT's opposition fails to specifically identify exactly what legal arguments it will lose, much less why those legal arguments will not be available in the new lawsuit, or what exact claims would be subject to res judicata if the case was not dismissed. In short, AIT's contention is completely baseless.[5]

AIT also contends it will suffer prejudice because in the new lawsuit, Dauz will be "permitted to re-gather extensive discovery, as well as additional discovery that he failed to in this action…." (*Opp'n* 8:16–21.) There are at least two problems with this argument. First, as discussed above, the Court is not persuaded by AIT's contention that Dauz did not diligently pursue discovery. Second, the prospect that AIT will face a second lawsuit does not constitute legal prejudice. See Westlands Water Dist. V. United States, 100 F.3d 94, 96 (9th Cir. 1996) ("[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice.") (citations omitted);

Finally, AIT contends that if Dauz is allowed to dismiss the lawsuit, it should be conditioned on payment of AIT's fees and costs of nearly $70,000. But AIT has failed to explain why it will not be able to use the "comprehensive discovery" and "substantial

---

attending a discovery dispute between the parties" (id. 5:15–17). Thus, according to AIT, the difference between "inadequate" and "comprehensive" discovery is two sets of interrogatories, and one deposition; though Dauz also issued subpoenas *duces tecum*, and AIT did not.

[5] The closest AIT comes to identifying a legal argument or right that it might lose is by asserting that Dauz "may also be able to structure the claims in this action so as to dodge federal jurisdiction…." (*Opp'n* 8:26–27.) But AIT fails to explain how Dauz could structure the lawsuit so as to dodge federal jurisdiction. Indeed, AIT's argument seems somewhat specious given that it is a citizen of Illinois (*Notice of Removal* ¶ 16), and Dauz will be adding damage claims, thereby adding to the amount in controversy. In short, under these facts, it is difficult to imagine how Dauz could avoid diversity jurisdiction.

evidence" obtained in this case in defending against the identical claims Dauz plans to assert in the new lawsuit. Because AIT has failed to identify any discovery, evidence or work that it will not be able to use in future litigation by Dauz for his pre and post-termination commissions, the Court finds conditioning Dauz's dismissal on the payment of fees and costs is not warranted. See Cauley v. Wilson, 754 F2d 769, 772 (7th Cir. 1985); Koch v. Hankins, 8 F.3d 650, 651 (9th Cir. 1993).[6]

### III. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Dauz's motion [Doc. 20]. Plaintiff has until **March 23, 2018** to file a dismissal of this case without prejudice. In light of this ruling, all other pending motions [Docs. 24, 26, 27] are **DENIED WITHOUT PREJUDICE**.

Dated: March 12, 2018

Hon. Thomas J. Whelan
United States District Judge

---

[6] AIT also contends Dauz seeks to dismiss in order to avoid an adverse ruling on the merits. But when Dauz filed the current motion, AIT had not filed any motions challenging the merits of Dauz's claim. Nor does AIT offer any reasonable explanation as to how the record supports the argument that Dauz is seeking to avoid an adverse ruling. Instead, AIT's argument appears to simply rehash the baseless assertion that Dauz failed to diligently prosecute this case. (*See Opp* 7:3–14.)